HENRY W. STRONG *vs.* ELEANOR R. LUTHER, Administratrix.

PROVIDENCE—DECEMBER 15, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The only provision for appointment of commissioners on insolvent estates of deceased persons is that contained in Gen. Laws R. I. cap. 215, § 3.

The appointment of such commissioners otherwise than as provided in this statute is no bar to a suit by a creditor against the administrator on the estate.

ASSUMPSIT against an administratrix for services rendered the intestate. Heard on demurrer to plaintiff's replication to defendant's special plea in bar.

MATTESON, C. J. This is assumpsit for services. The defendant pleaded the general issue and also, in bar of the action, that the estate of the testator at the time of the presentation of the claim to her, and at the time of the bringing of the suit and the filing of the declaration, was insolvent, and that since the bringing of the suit the Probate Court had adjudged the estate insolvent and appointed commissioners in insolvency to adjust and settle the claims against it ac-

cording to law. To the plea in bar the plaintiff replied that the defendant did not, within thirty days after the expiration of the period allowed for the presentation of claims, file a statement, in the Probate Court having jurisdiction over the estate, allowing or denying the validity of the claims presented and giving personal notice to the claimants whose claims were contested; that she did not file a statement of her belief that the estate was insolvent, declaring it to be so, asking for the appointment of commissioners, giving notice to all persons who had presented claims to prove them before the commissioners, as required by Gen. Laws R. I. cap. 215, § 3; that there was no record by which the plaintiff could have knowledge of the alleged insolvent condition of the estate at the times mentioned in the plea, except as the same had been adjudged insolvent subsequently to the bringing of the suit; that the plaintiff on June 26, 1897, after the thirty days referred to, received a notice from the defendant that her claim was disputed, and in consequence of that notice, and in accordance with Gen. Laws R. I. cap. 215, § 4, brought this action against the defendant within the six months therein prescribed, which was pending when the defendant applied for the appointment of commissioners on the estate as an insolvent estate. To this replication the defendant has demurred.

There is no provision for the appointment of commissioners on the insolvent estates of deceased persons except that contained in Gen. Laws R. I. cap. 215, § 3.[1] That section

---

[1] SEC. 3. Within thirty days after the expiration of the period allowed by law or prescribed by decree of the probate court for presentation of claims, the executor or administrator shall file a statement in the probate court allowing or denying the validity of claims so presented, and giving personal notice to claimants whose claims are contested; and if he believe that said estate is insolvent, declaring the same to be such and asking for appointment of commissioners, and giving notice to all parties who have presented claims to prove the same before said commissioners; but if said estate be solvent and he desires to contest any claim presented, such executor or administrator, with the consent of the probate court, may elect whether the same be proved before commissioners or by suit. If the estate be insolvent, or the claim is to be proved before commissioners, three commissioners shall be appointed by the probate court in the manner hereinafter provided.

marks out the proceedings to be taken by an executor or administrator, and requires that these shall be taken within the thirty days after the expiration of the period limited for the presentation of claims. We find no authority for the appointment of commissioners unless the necessary steps have been taken within the thirty days so prescribed, and are therefore of the opinion that, as the defendant did not take the proceedings set forth in § 3 within the thirty days, the subsequent appointment of commissioners by the Court of Probate constitutes no bar to the plaintiff's suit, which had been begun already.

Demurrer overruled, replication sustained.

*Henry W. Hayes*, for plaintiff.

*Orrin L. Bosworth*, for defendant.